JOSEPH ODLE *v.* THE STATE.

CRIMINAL LAW. *Jury. Misconduct of. What will constitute.* During the trial the jury were taken to board at a very small two-room house, at which place the prosecutor and his two daughters (both witnesses for the State) also boarded, and it is shown by affidavit that while at their meals the jury were necessarily separated, part eating with the officer and part in the next room with the prosecutor and witnesses. Although the prosecutor and witnesses made affidavits of their non-interference with the jury, and although it is not shown that the jury were tampered with from any source, yet this conduct and circumstances are held by the court to be so suspicious, without the most ample proof, as to vitiate the verdict of the jury entirely.

Cases cited: Hines *v.* State, 8 Hum., 597; McElrath *v.* State, 2 Swan, 382.

FROM HANCOCK.

Appeal from the Circuit Court. E. E. GILLEN-WATERS, Judge.

ATTORNEY GENERAL HEISKELL for the State.

No brief for defendant.

NICHOLSON, C. J., delivered the opinion of the court.

Joseph Odle was convicted of murder in the second degree, in the Circuit Court of Hancock County, for poisoning Peter Stewart, and sentenced to the penitentiary for ten years. He has appealed to this court.

The error mainly relied on for a reversal is in the alleged misconduct of the jury. It is shown by

the affidavit of Joseph Brooks that the jury stayed at his house in Sneedville, and also Boyd Stewart, the prosecutor, and his two daughters, Vesta Stewart and Catherine Goodman, two witnesses in the case. The house was small—two rooms; and while they would be in one room and part in the other, and part with the said Boyd Steward, Vesta Stewart and Catherine Goodman, and the other part in another room, and the officer, Armstead Collins, would be at the table eating with part of the jury, and the other part of the jury in another room.

Joseph Baker, one of the jurors, says the jury boarded at the house of Joseph Brooks, which house was small, with two small rooms. The jury, when eating, separated—one part went into to the eating-room and the other part stayed in the other room. The officer would eat with a portion of the jury in the eating-room, and others of the jury in the other room. Boyd Stewart, the prosecutor, and Vesta Stewart and Catherine Goodman, two of the witnesses for the State, were frequently about the house, both night and day and at meal-time.

The prosecutor, Boyd Stewart, was examined, and said that he took his meals at Joseph Brooks' during the time the jury were out in the case; that he never spoke to any of the jury during the trial, nor while the jury were considering the cause; that he never was in the room with the jury only when the officer in charge was in the room with them.

Vesta Stewart and Catherine Goodman stated that neither of them at any time spoke to one of the

Odle *v*. The State.

jurors during the time they were a jury in the cause; that the house was very small, and they passed occasionally from one room to another, but did not in any other way mingle with the jury. You could not see from one room into the other through the door by the side of the chimney, which was a double chimney, used for both houses.

The rules in such cases are clearly laid down in *Hines* v. *The State*, 8 Hum., as follows:

1. The fact of separation having been established by the prisoner, the possibility that the juror has been tampered with, and has received other impressions than those derived from the testimony in court, exists; and, *prima facie*, the verdict is vicious.

2. The separation may be explained by the prosecution, showing that the juror had no communication with other persons, or that such communication was on subjects foreign to the trial, and that in fact no impressions other than those derived from the testimony were made upon his mind.

3. In the absence of such explanation, the mere fact of separation is sufficient for a new trial.

In the present case the separation of the jury is shown, and the circumstances which caused the separation would be sufficiently explained, but for the additional facts as to the prosecutor and two of the State witnesses boarding at the same house. The house had only two rooms, and, as we understand the affidavits, they were so small that the entire jury could not eat in the eating-room at the same time. This produced the necessity of a separation while eat-

11—VOL. 6.

ing. This separation placed a part of the jury in company with the prosecutor and the two State witnesses, either in one room or the other. The fact that the prosecutor and his two daughters, who were the most material witnesses on the trial, should have gone to board at the same house where the jury were boarding, is of itself suspicious, especially in view of the small size of the house, and this conduct on their part called for satisfactory explanation. None, however, is given. It is to be observed that the officer himself was derelict in his duty, in failing to procure more suitable accommodations for the jury, and especially after finding that they could not be boarded without separation and making them liable to be communicated with by the prosecutor and his witnesses. No explanation of this matter is given, the officer not having been examined. The only explanation given is that by the prosecutor and the two witnesses. The prosecutor says he was never in the room with the jury except when the officer was with them, and that he never spoke to any of the jury during the trial. He fails, however, to state whether or not he used any other means of influencing the jury except talking to them. He may have talked to others in the presence of the jury, and in this way made as much impression as if he had talked directly with the jurors. He gives no explanation of the suspicious fact of his selecting for himself and his two daughters the same house where the jury were boarding, where, as it appears, there was not sufficient room for the jury, and of their being there day and night. The explanation

Odle *v.* The State.

of the two witnesses is less full and satisfactory than that of the prosecutor.   They do not say that they were never in the room with any of the jury except when the officer was there.   They do say that they never spoke to any of the jury, but do not say that they never spoke to the officer or others in presence of the jury.

In the case of *McElrath* v. *The State*, 2 Swan, 382, the court said:   "We do not go the length of holding that the conduct of the prosecutor, however censurable, did not admit of explanation; but in a case apparently so flagrant, the explanation ought to be very ample and satisfactory, and sufficient to exonerate the prosecutor from the slightest imputation of either an intention or attempt to influence the jury, directly or indirectly."

We are of opinion that this rule is strictly applicable to the facts of the present case, and that the defendant is entitled to a new trial.